UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CONSOLIDATED RISK SERVICES, INC.,

                      Plaintiff,

        v.                                                       1:06-CV-871
                                                                          (FJS/RFT)

AUTOMOBILE DEALERS WC SELF INSURANCE
TRUST; MICHAEL A. SMITH, in his capacity as
Chairman of the ADSIP Board of Trustees; WAYNE
JOHNSON, in his capacity as Vice Chairman of the
ADSIP Board of Trustees; WILLIAM LIA, JR., in his
capacity as Secretary of the ADSIP Board of Trustees;
PAUL HEALEY, in his capacity as Treasurer of the
ADSIP Board of Trustees; DWIGHT HEALEY, in his
capacity as Member of the ADSIP Board of Trustees;
DENNIS PETRISAK, in his capacity as Member of the
ADSIP Board of Trustees; CHARLES BASIL, in his
capacity as Member of the ADSIP Board of Trustees;
JOHN WORTS, in his capacity as Member of the ADSIP
Board of Trustees; and RICHARD D'ANDREA, in his
capacity as Member of the ADSIP Board of Trustees;

                      Defendants.
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **MENTER, RUDIN & TRIVELPIECE, LLC**<br>308 Maltbie Street, Suite 200<br>Syracuse, New York 13204-7451<br>Attorneys for Plaintiff | MITCHELL J. KATZ, ESQ.<br>ROBERT G. BENNETT, ESQ. |
| **GROSS, SHUMAN, BRIZDLE, &**<br>**GILFILLAN, P.C.**<br>465 Main Street, Suite 600<br>Buffalo, New York 14203<br>Attorneys for Defendants | RICHARD S. ATWATER, ESQ. |
| **RUPP, BAASE, PFALZGRAF,** | DAVID R. PFALZGRAF, ESQ. |

**CUNNINGHAM & COPPOLA, LLC**
1600 Liberty Building
424 Main Street
Buffalo, New York 14202-3616
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

Defendant[1] seeks to amend its Answer/Counterclaim Complaint to add AVI Risk Services, LLC as a counterclaim defendant because it claims that Plaintiff Consolidated Risk Services, Inc. ("CRS"), AV Consultants, Inc., and AV West Coast, Inc., merged into AVI Risk Services, LLC, and that this new corporation inherited Plaintiff's contractual and tort liabilities. *See* Defendant's Memorandum of Law at 20.  The only reason that Plaintiff provides for opposing this motion is its contention that, "[f]ollowing the dissolution of CRS, AV International, Inc., not AVI Risk Services, LLC, retained the assets and liabilities pertaining to this lawsuit." *See* Affidavit of Dennis Ryan sworn to December 18, 2008 ("Ryan Aff."), at ¶ 21; *see also* Dkt. No. 64.

Moreover, although Plaintiff has filed a Rule 7.1 Disclosure Statement, in which it contends that it has dissolved and that AVI Risk Services, LLC assumed its assets and liabilities, *see* Dkt. No. 64, that document further states that "any recovery or liability involved with the subject litigation has been assumed by AV International, Inc. a Pennsylvania Corporation." *See*

---

[1] For purposes of this Memorandum-Decision and Order, the Court will refer to all of the listed Defendants-Counterclaim Plaintiffs as "Defendant" and Plaintiff-Counterclaim Defendant as "Plaintiff."  Although Plaintiff names several Defendants in its complaint, Defendants are the Trust itself and the Board of Trustees of the Trust, acting in their roles as Trustees.

*id.*

The Articles/Certificate of Merger supports Defendant's position.  *See* Declaration of R. Scott Atwater dated October 14, 2008 ("Atwater Decl."), at Exhibit "P."  It provides that AV Consultants, Inc., AV West Coast, Inc., and AVI Risk Services, LLC are merging and that AVI Risk Services, LLC is the surviving entity.  *See id.*  It also provides that Dennis Ryan is the President and/or Secretary of each of the entities involved in the merger.  *See id.*

In the Court's July 9, 2010 Memorandum-Decision and Order, the Court granted in part and denied in part Defendant's motion for summary judgment and ordered the parties to file letter briefs, and any other supporting documentation, explaining their positions with respect to Defendant's motion to amend its Answer/Counterclaim Complaint.

Currently before the Court is Defendant's motion to amend its Answer/Counterclaim Complaint to add AVI Risk Services, LLC as a counterclaim defendant.

## II. DISCUSSION

Defendant asserts that AVI Risk Services, LLC is the successor in interest to CRS by virtue of the fact that (1) it expressly or impliedly assumed CRS's tort and/or contractual liabilities; (2) the two companies merged (a *de facto* merger); and (3) AVI Risk Services is a mere continuation of CRS.  *See* Dkt. No. 85 at 1.  Plaintiff asserts that, upon dissolution, certain of CRS's assets and liabilities were assumed by AVI Risk Services, LLC, but that potential liabilities surrounding the subject litigation were assumed by AV International, Inc.  *See* Dkt. No. 87.  Plaintiff asserts that AV International, Inc. was CRS's parent company and, following CRS's dissolution, CRS merged with AV International, Inc. through a *de facto* merger.  *See id.*

(citation omitted).

New York courts have carved out four exceptions to the general rule that a corporation that acquires the assets of another is not liable for the selling corporation's tort and contract obligations. *See Schumacher v. Richards Shear Co., Inc.*, 59 N.Y.2d 239, 244 (1983). Successor liability will be imposed on the surviving entity if "(1) it expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations." *Id.* at 245. "The second and third items are based on the concept that a successor that effectively takes over a company in its entirety should carry the predecessor's liabilities as a concomitant to the benefits it derives from the good will purchased." *Grant-Howard Assocs. v. Gen. Housewares Corp.*, 63 N.Y.2d 291, 296 (1984).

Defendant argues that the merger at issue in this case satisfies the requirements for the second exception listed above because it satisfies the "*de facto* merger" requirements. In the absence of an actual merger of two or more entities, a court may deem a transaction structured as a purchase-of-assets to fall within the merger exception, as a *de facto* merger, if the following factors are present:

> (1) continuity of ownership; (2) cessation of ordinary business operations and the dissolution of the selling corporation as soon as possible after the transaction; (3) the buyer's assumption of the liabilities ordinarily necessary for the uninterrupted continuation of the seller's business; and (4) continuity of management, personnel, physical location, assets and general business operation[.]

*In re New York City Asbestos Litig.*, 15 A.D.3d 254, 256 (1st Dep't 2005) (citations omitted).

Despite the Court's request that the parties clarify who the proper party is to this action,

the issue is as unclear as ever. Although it appears that there was an actual and/or *de facto* merger of CRS and AVI Risk Services, LLC, Plaintiff still maintains that, after this alleged merger, AV International, Inc. assumed the risks and liabilities associated with this litigation. *See* Dkt. No. 64. Moreover, Defendant submitted evidence that CRS and AV International, Inc. have incorporated additional related affiliates – namely AV International Services – which raises the question of whether Plaintiff is transferring assets to this new company in an attempt to avoid its liabilities resulting from this matter. *See* Dkt. No. 85-1.

Once again, Plaintiff's counsel has failed to provide the Court with any helpful guidance on this issue. Counsel merely submitted a one-page letter brief wherein he claims that AV International, Inc. is a "large corporation" that is the proper party to this action, essentially asking the Court to take its word that AV International, Inc. has sufficient assets to cover any liability arising from this action.

Based on the confusion that continues to surround this issue, the Court grants Defendant's motion to amend its Answer/Counterclaim Complaint to add AVI Risk Services, LLC, as well as AV International, Inc., as counterclaim Defendants.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to amend its Answer/Counterclaim Complaint to add AVI Risk Services, LLC and AV International, Inc. as counterclaim Defendants is **GRANTED**; and the Court further

**ORDERS** that Defendant shall file its proposed amended Answer/Counterclaim Complaint within **ten (10) days** from the date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that Defendant's counsel shall initiate a telephone conference, using a professional conferencing service, with the Court and Plaintiff's counsel on **Tuesday, September 28, 2010, at 9:30 a.m.** to schedule a date for the trial of this matter.

**IT IS SO ORDERED.**

Dated: September 16, 2010
 Syracuse, New York

*[signature]*
Frederick J. Scullin, Jr.
Senior United States District Court Judge